**INTERNATIONAL SHIPPING AGENCY, INC., Plaintiff**

v.

**UNION DE TRABAJADORES DE MUELLES, LOCAL 1740; International Longshoremen's Association, AFL–CIO, et al., Defendants.**

**Civil No. 06–1208 (JAG).**

United States District Court,
D. Puerto Rico.

April 3, 2008.

---

Antonio M. Cuevas–Delgado, Rafael Cuevas–Kuinlam, Cuevas Kuinlam & Bermudez, Roberto Marquez–Sanchez, Roberto Marquez Law Office, San Juan, PR, for Plaintiff.

Ada Perez–Alfonso, Kenneth Colon–Alicea, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is an order to show cause why the present claim should not be dismissed and/or stayed. For the

reasons set forth below, the Court dismisses the case at bar.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2006, International Agency Shipping Inc. ("Plaintiff") filed a complaint against Defendants. Plaintiff seeks redress because Defendants have allegedly breached the Collective Bargaining Agreement (the "Agreement") between them and Plaintiff. The Agreement contains no-strike and arbitration clauses.

Namely, Plaintiff contends that on January 31, 2006, Defendants engaged in a work stoppage over an issue covered by the Agreement refusing thereby to arbitrate the issue as mandated by the Agreement. In addition, Plaintiff avers that the work stoppage in January 31, 2006 ("January Stoppage") amounted to a contempt of an earlier judgment in Civil Case No. 00–1630(JAF), in which the parties agreed, under penalty of contempt, not to breach the Agreement, specifically, the arbitration and no strike clause. Plaintiff also requests injunctive relief.[1] (Docket No. 1). On March 28, 2006, Defendants filed their answer to Plaintiff's complaint. (Docket No. 6).

On February 8, 2007, Plaintiff filed an amended complaint restating all the allegations in the original complaint and adding a request for damages for another work stoppage that occurred on November 2, 2006 ("November Stoppage"). Plaintiff also requested that the November Stoppage be considered a contempt of Court. Additionally, Plaintiff moved for injunctive relief. (Docket No. 13). On September 14, 2007, Defendant Union de Trabajadores de Muelles, Local 1740; International Longshoremen's Association, AFL–CIO ("Local 1740") answered the amended complaint. (Docket No. 31).

On January 4, 2008, this Court entered an order to show cause. In said order, the Court noted that in the Agreement there is a detailed grievances and arbitration procedure. This Court indicated to the parties that Section 301 (29 U.S.C. § 185(a)) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.* allows Courts to resolve disputes under collective bargaining agreements only in the absence of an agreement for arbitration or some other form of final resolution of disputes. *Local 791, UFCW v. Shaw's Supermarkets, Inc.,* 507 F.3d 43 (1st Cir. 2007). As such, the parties were ordered to show case why this case should not be dismissed and/or stayed pending arbitration. In addition, Plaintiff was ordered to show cause why he had not moved before Chief Judge Jose A. Fuste for the enforcement of the judgment in case 00–1630 for which contempt is now alleged. (Docket No. 46).

On February 15, 2008, Plaintiff complied with this Court's order and filed a motion in which it argued that Defendants' conduct throughout this case constitutes an implicit waiver of their right to arbitration. Namely, Plaintiff contends that Defendants in their answers to the complaint and amended complaint denied that the Agreement had a no-strike and an arbitration provision. Furthermore, Plaintiff stresses that Defendants moved for a jury trial shortly after answering the amended

---

**1.** Plaintiff requested "[t]hat this Honorable Court issue an [o]rder to permanently enjoin Defendant, their authorized representatives, agents, officers, members, attorneys and all persons in active concert and participation with it from engaging in any violation of the Collective Bargaining Agreement including strikes, refusal to submit grievances to the grievance and arbitration procedure, threats to strike and/or any matter interfering with any of the operations of Plaintiff." (Docket Nos. 1 and 13).

complaint. Moreover, Plaintiff stated that it has conducted discovery. Namely, Plaintiff posits that it deposed the president of Local 1740 and has met with Local 1740's counsel in an attempt to settle the case. Additionally, Plaintiff points the Court's attention to the fact that this is a two-year old case and Defendants have never moved for the issue to be sent to arbitration. Plaintiff also state that it has used time and resources to prepare for the upcoming hearings before this Court.[2] Plaintiff contends that it has been misled and prejudiced by the conduct of Defendants.

Finally, Plaintiff avers that the case at bar should not be dismissed because it is also requesting that this Court hold Defendants in contempt and provide injunctive relief permanently enjoining Defendants from violating the Agreement including its no-strike and grievance and arbitration procedure. According to Plaintiff, an arbitrator cannot provide this remedy. (Docket No. 51).

On March 26, 2008, Local 1740 responded to Plaintiff's contentions. Local 1740 alleges that the procedural history of this case does not lead to the conclusion that it has waived its right to arbitration. In support of its contention, Local 1740 states that it never denied the existence of an arbitration provision. On the contrary, Local 1740 stresses that in the third affirmative defense of its answer to the amended complaint, it alleged that "[p]laintiffs have failed to exhaust administrative and/or collective bargaining arbitration procedures and/or remedies." Furthermore, Local 1740 contends that no substantial procedural development has taken place in the case at bar. Local 1740 points this Court's attention to the fact that other

than the taking of one deposition, no discovery endeavors have been performed. As such, Local 1740 requests that this Court dismiss the present complaint on the grounds that Plaintiff failed to exhaust arbitration proceedings. (Docket No. 57).

## DISCUSSION

■ In the case at bar, we must decide whether Defendants implicitly waived their right to arbitrate. In making this determination, we must be mindful of the strong federal policy favoring arbitration. *Creative Solutions Group v. Pentzer Corp.*, 252 F.3d 28, 32 (1st Cir.2001). "The Supreme Court has stated that any doubt concerning arbitrability should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). "Waiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day." *Id.* (internal citations omitted)

■ Arbitration can be waived implicitly or expressly. *Lomas v. Travelers Prop. Cas. Corp. (In re Citigroup, Inc. Capital Accumulation Plan Litig.)*, 376 F.3d 23, 26 (1st Cir.2004). A party may, by engaging in litigation, implicitly waive its contractual right to arbitrate. *Navieros Inter–Americanos v. M/V VASILIA EXPRESS*, 120 F.3d 304, 316 (1st Cir. 1997). Waiver by conduct, at least where due to litigation-related activities, is an issue for the Court to decide. *Marie v.*

---

2. A Settlement Conference is set for April 9, 2008, (Docket No. 54), and the Pretrial Con-

ference is set for 4/22/08. (Docket No. 34).

*Allied Home Mortg. Corp.*, 402 F.3d 1, 14 (1st Cir.2005).

■ Waiver claims involve an "inquiry into whether, by choosing or allowing the litigation of its claims before a court rather than an arbitrator, a party has waived its right to arbitrate." *Id.* at 12. Our Circuit has laid down a set of factors to guide this inquiry. No one factor dominates the analytical framework for determining whether a party has implicitly waived its right to arbitrate. *Lomas*, 376 F.3d at 26. The factors that this Court must take into consideration in determining whether Defendant waived its right to arbitrate are as follows:

■ whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right, ... [2] whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff, ... [3] whether there has been a long delay in seeking the stay or whether enforcement of arbitration was brought up when trial was near at hand ... [4] whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings, ... [5] whether important intervening steps (e.g. taking advantage of judicial discovery procedures not available in arbitration ...) had taken place, ... and [6] whether the other party was affected, misled, or prejudiced by the delay ... *Creative Solutions Group*, 252 F.3d

at 33(citing *Jones Motor Co., Inc. v. Chauffeurs, Teamsters, and Helpers Local Union No. 633*, 671 F.2d 38, 44 (1st Cir.1982)).

The fact that Local 1740 brought to this Court's attention, in its answer to the amended complaint, that Plaintiff had failed to follow the arbitration and grievances procedure set forth in the Agreement weighs heavily against a finding that Local 1740 waived its right to arbitration. However, this Court notes that Local 1740 requested a trial by jury in the case at hand.[3] This act certainly favors Plaintiff's contention that Local 1740's waived its right to arbitrate.

Even though this case is a two-year old case, no substantial procedural development has taken place. Jury trial has not been scheduled and the only significant procedural event taking place is an upcoming Settlement Conference with Chief Magistrate Judge Justo Arenas.[4] Moreover, Discovery is in its initial stages. As of today, other than the taking of one deposition, no significant discovery endeavors have been performed. As such, we find that Plaintiff will suffer minimal prejudice if the case at bar is dismissed.

■ The overall nature of the case at hand leads us to the conclusion that the right to arbitrate has not been waived here. It is well settled, that a United States District Court lacks subject matter jurisdiction over labor disputes when there is an agreement for arbitration or some other form of final resolution of a dispute over an individual employee's rights arising under a collective bargaining agree-

---

3. On September 28, 2007, Local 1740 demanded jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure. (Docket No. 32). On November 5, 2007, Plaintiff opposed Local 1740's trial by jury request. (Docket No. 38). On December 12, 2007, Local 1740 filed a memorandum in support of its request. (Docket No. 45). This Court has not ruled upon Local 1740's request for jury trial.

4. The Settlement Conference with Chief Magistrate Judge Justo Arenas is set for April 9, 2008. (Docket No. 54).

ment. *Local 791, UFCW v. Shaw's Supermarkets, Inc.,* 507 F.3d 43, 49 (1st Cir.2007)(citing *Local 369, Utility Workers Union v. Boston Edison Co.,* 588 F.Supp. 800, 804 (D.Mass.1984)). Since the Agreement has an enforceable detailed grievances and arbitration procedure, this Court finds that it lacks jurisdiction to entertain the case at bar. Given our lack of jurisdiction, and the consequent closure of this case, we cannot entertain Plaintiff's requests. Namely, we cannot rule upon Plaintiff's request for injunctive relief and contempt of Court.

## CONCLUSION

For the reasons stated above, the Court hereby dismisses the present case. Judgment shall be entered accordingly.

IT IS SO ORDERED.